SOBEL HAN & CANNON, LLP
D. Sam Han, Esq. (033932005)
Gregory J. Cannon, Esq. (038042007)
365 W. Passaic Street, Suite 270
Rochelle Park, New Jersey 07662
Telephone: 201.603.3697
*Attorneys for Defendants,*
*The City of Union City*
*City of Union City Rent Leveling Board*
*Kennedy Ng*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## VICINAGE OF NEWARK

| | |
|---|---|
| 721 22ND STREET UC LLC, | Civil Action |
| Plaintiff, | Case No. |
| vs. | **DEFENDANTS THE CITY OF UNION CITY, CITY OF UNION CITY RENT LEVELING BOARD and KENNEDY NG'S NOTICE OF REMOVAL** |
| THE CITY OF UNION CITY, CITY OF UNION CITY RENT LEVELING BOARD, KENNEDY NG, KATHERINE WELLS, | |
| Defendants. | |

TO THE HONORABLE JUDGES OF THE UNITED DISTRICT COURT FOR

THE DISTRICT OF NEW JERSEY:

      Sobel, Han & Cannon, LLP, counsel for the defendants, The City of Union City, City of

Union City Rent Leveling Board and Kennedy Ng (the "Defendants"), in the above-captioned

matter, hereby file this Notice of Removal to remove an action currently pending in the Superior Court of New Jersey to the United States District Court for the District of New Jersey.

As grounds for removal, Defendants state as follows:

1.     The plaintiff, 721 22nd Street UC LLC ("Plaintiff), initiated this action in the Superior Court of New Jersey, Law Division, Hudson County, under Docket No. HUD-L-4955-21 by way of complaint entitled 721 22nd Street UC LLC v. The City of Union City, City of Union City Rent Leveling Board, Kennedy Ng, Katherine Wells, and filed on December 28, 2021 (the "Complaint"), a copy of which is annexed hereto as **Exhibit A**.

2.     Defendant Wells received a copy of the Complaint on January 11, 2022 and filing of this Notice of Removal is made within 30 days thereof and hereby consents to the removal.

3.     The foregoing Complaint is all the process, pleadings and orders served upon Defendants in this action.

4.     This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. §1331 and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. §1441(a) in that Plaintiff's complaint asserts claims arising under the Constitution, laws or treaties of the United States. Specifically, Plaintiff alleges violations of 42 U.S.C. §1983 by allegedly being deprived of its property rights and right to due process.

5.     Concurrent with the filing of this Notice of Removal, Defendants are filing a copy with the Clerk, Superior Court of New Jersey, Law Division, Hudson County and providing a copy hereof to Plaintiff's Counsel, Adrienne LePore, Esq.

6.     Defendants do not waive any defenses by filing this Notice of Removal.

WHEREFORE, Defendants hereby give notice that the above-captioned case now pending in the Superior Court of New Jersey, Law Division, Hudson County is removed

therefrom to the United States District Court for the District of New Jersey where it shall proceed as an action originally commenced therein.

By: ___s/ D. Sam Han_____

Dated: February 10, 2022

# EXHIBIT "A"

Adrienne LePore, Esq. #027241999
FEINSTEIN RAISS KELIN BOOKER
  & GOLDSTEIN, LLC
290 W. Mt. Pleasant Avenue, Suite 1340
Livingston, New Jersey 07039
(973) 324-5400
Plaintiff, 721 22ND STREET UC LLC

| | |
|---|---|
| 721 22ND STREET UC LLC,<br><br>　　　Plaintiff,<br><br>　　　vs.<br><br>THE CITY OF UNION CITY, CITY OF<br>UNION CITY RENT LEVELING BOARD,<br>KENNEDY NG, KATHERINE WELLS<br><br>　　　Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: HUDSON COUNTY<br>DOCKET NO.<br><br>CIVIL ACTION<br><br>**COMPLAINT IN LIEU OF<br>PREROGATIVE WRIT OF<br>MANDAMUS** |

Plaintiff, 721 22ND STREET UC, LLC located P.O. Box 351, Cedarhurst, New York, 11516, by way of Complaint against the Defendants says:

## **PRELIMINARY STATEMENT**

In this case, Plaintiff, 721 22nd Street UC, LLC ("Landlord") was advised by the Defendant, Katherine Wells (hereinafter "Tenant" or "Ms. Wells") in May 2021 that the "Secretary Board/Commission" of the City of Union City Rent Leveling Board ("Board") made a legal rent determination ("Determination") with regard to the subject apartment in January 2021. As soon as Landlord learned of the Determination, it filed an appeal with the rent control Administrator, Kennedy NG ("Administrator") which to this date has been ignored.  Meanwhile, Ms. Wells filed a Complaint with the Superior Court of New Jersey, Law Division, Special Civil Part, Hudson County bearing Docket No. HUD-DC-6342-21 (the "Action") seeking to collect the alleged overcharge payments and seeking damages and costs pursuant to the Consumer Fraud Act.

Landlord challenges the Union City Rent Control Ordinance ("Ordinance') both on its face and as applied.  The Ordinance on its face fails to provides mechanism to notify owners of "overcharge" complaints made by tenants and then the Ordinance provides no process by which owners must be notified of the eventual "legal rent determination."  The Ordinance, as applied, denies due process to all owners especially those, like Landlord who only learn that a "legal rent determination" has been rendered after a tenant withholds rent or files a Complaint to collect the overcharge. do nothing to ensure that landlords receive due process.

Landlord seeks an Order compelling the Union City Rent Control Board and the Administrator to hear Landlord's appeal of the Determination and staying the Action until such time that Landlord is afforded the opportunity to be heard to finality.  Landlord also seeks an Order declaring the Union City Rent Control Ordinance Chapter 334 improper, invalid, unlawful, arbitrary, capricious, and unreasonable and of no force and effect since it fails to provide any safeguard to owners to receive proper notice of tenant complaints or of final "legal rent determinations."  This action is a facial constitutional challenge to the Union City Rent Control Ordinance as written and the procedural application of the Ordinance which allows for tenants to request rent calculations and the office of landlord tenant relations to make "legal rent" determinations without providing landlords any notice or opportunity to respond. The Ordinance on its face denies landlords procedural due process. Further, the unconstitutional process leaves Landlords with only the Rent Board's appeal process as a remedy.  Of critical importance, the Ordinance also provides no mechanism by which owners must be notified when a Determination is made and then the Board arbitrarily denies or ignores landlord's right to appeal.  In the meantime, the tenant is advised to begin withholding rent or to file a Complaint, essentially collecting on a judgment before it is final.

## PARTIES

1.      Plaintiff is the owner of the property located at 721 22nd Street, Union City, New Jersey ("Property").

2.      Defendant, the City of Union City (the "City"), is a body politic of the State of New Jersey that has authorized the establishment of and has control over the actions of its agency, the City of Union City Rent Leveling Board.

3.      Defendant, the City of Union City Rent Leveling Board (the "Board"), with offices located at 3715 Palisade Ave., Union City, New Jersey, is an administrative agency of the City of Union City and is charged with the enforcement of Chapter 334 of the Union City Municipal Code (hereinafter the "Ordinance").

5.      Defendant, Kennedy Ng, is the Rent Board Administrator ("Administrator") of the Rent Leveling Board of the City of Union City and is empowered, among other things, to accept and process and investigate complaints from tenants of illegal rental increases, to coordinate and supervise all staff associated with the operation of the Ordinance, to notify landlords that there is no record of compliance by the landlord with the provision of the Ordinance and to attend all meetings of the Rent Stabilization Board.

6.      The aforementioned Defendants are hereinafter collectively referred to as "Municipal Defendants."

7.      Defendant, Katherine Wells ("Tenant" or "Ms. Wells"), is a tenant residing in apartment 8 ("Apartment") at the Property.  Tenant is an interested party in that it is the rent for her Apartment that is in dispute.

### UNION CITY RENT CONTROL ORDINANCE

8.       Union City adopted rent control in or about 1973. Since that date the Ordinance had been amended approximately twenty six (26) times, in 1975, 1977, 1980, 1982, 1985, 1986, 1996, 2001, 2002, 2003, 2005, 2006, 2011, 2013, January 2016, March 2016, 2017, 2018, 2019, April 2020 and May 2020. The Ordinance was re-codified from its initial Chapter 12 to Chapter 14 in 1996 and ultimately to the current Chapter 334 in 2013.

9.       Pursuant to the Ordinance, rents are controlled at the base rent level received or established as of March 1, 1973, plus all increases allowed by the Ordinance thereafter.

10.     The Ordinance was amended in 1986 to require Landlords to file an annual registration ("Registration") for all dwellings subject to the Ordinance ("1986 Amendment"). The 1986 Amendment provided for a fine to be levied on the landlord if the Registration was not filed.

11.     Prior to the 1986 Amendment, the Ordinance did not require a Registration to be filed.

12.     The 1986 Amendment also created the position of the Rent Stabilization Board Administrator who, among other things, is tasked with the duty to notify landlords that there is no record of compliance by the landlord with the provisions of the Ordinance, to accept and process complaints from tenants of illegal rental increases, and to investigate such complaints prior to any decision being rendered.  These duties have remained throughout all subsequent amendments.

13.     The 1996 Amendment changed the name of the Rent Stabilization Board Administrator to Rent Regulation Officer (hereinafter referred to as Administrator or Officer) but the pertinent duties remained the same.

14.     The 1996 Amendment established the appointment of the office of a tenants' advocate attorney.  The attorney is paid a salary set by the Mayor and the Board of Commissioners.

The duties of the tenant advocate attorney include giving free advice and assistance to tenants in eviction actions, in filing complaints with the rent board for rent alleged overcharge and in appearing before rent control board.

15. The Administrator does not contact the landlord when a tenant makes a complaint.

16. The only investigation performed in determining a legal rent is a cursory review of the Rent Control file (which ignores vacancies noted on the registration statements for the years where the Ordinance provided for vacancy decontrol) and the information provided by the tenant. The Ordinance and the procedures of the Administrator provide no due process to landlords by way of a notice of the tenant complaint and an opportunity to respond.

17. A Landlord is not made aware that a tenant has made a complaint until after a "legal rent determination" has been made, at which point, the landlord's only remedy is to file an appeal.

18. The Ordinance does not provide a mechanism by which the legal rent determination must be served on the owner.

19. The "legal" rent determination is sent to the landlords by regular mail only. Therefore, Defendants have no way of knowing if it was received by the landlord.

20. The Administrator advises tenants to stop paying rent to recoup the "overcharge" as alleged in the legal rent determination.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

21. Upon information and belief Municipal Defendants have a practice of notifying tenants that their landlord may be overcharging in rent and encourages tenants to request "legal" rent calculations.

22.      Upon information and belief Municipal Defendants receives a substantial number of requests for "legal" rent calculations each year.

23.      The Rent Regulation Officer or Secretary/Board Commission is tasked with making a "legal" rent determination and does so without advising the landlord that a complaint has been made or that an investigation is underway. The landlord has no opportunity to respond before a determination is made.

24.      Ms. Wells entered into a written Lease Agreement with the Landlord in or about 2018 for a monthly rent of $1,300.00.

25.      Upon information and belief Ms. Wells filed a complaint with the City of Union City Rent Leveling Board alleging that she was being overcharged by Landlord and requested a legal rent determination.

26.      Landlord was not served with a copy of Ms. Well's complaint or given an opportunity to respond.

27.      Upon information and belief, the Administrator made a legal rent determination ("Determination") in January 2021, which purportedly reduced the rent to $1,146.00.

28.      Landlord was not served with and did not receive a copy of the Determination from the Administrator.

29.      In or about May 2021, Ms. Wells emailed the Landlord attaching copies of letters from the Administrator in which the Administrator advised Wells that she is entitled to a refund in rent and that a legal rent determination had been made.

30.      The May 2021 email from Ms. Wells was the first Landlord learned of any determination or alleged overcharge.

31.      Landlord appealed the Determination on or about May 26, 2021.

32.     Ms. Wells, represented by a Union City Tenant advocate, filed the Action against Landlord to collect the alleged overcharge.

33.     The Administrator is aware that Wells filed the Action and of Landlord's pending appeal.

34.     To date the Landlord's appeal of the Determination has not been scheduled or acknowledged despite numerous requests for a hearing.

### FIRST COUNT

35.     Plaintiff repeats and realleges the prior allegations as if same were fully set forth herein.

36.     The Administrator and the Board's continued refusal to acknowledge, schedule and hear Plaintiff's appeal of the legal rent determination is arbitrary, capricious and unreasonable as Plaintiff did not receive notice of the legal rent determination and therefore been denied an opportunity to exhaust all administrative rights.

WHEREFORE, the Plaintiff demands judgment against Municipal Defendants as follows:

A.     Compelling the Municipal Defendants to hear Defendant's rent appeal on its merits;

B.     Declaring that the Ordinance is unconstitutional as it violates Plaintiff's due process rights;

C.     Enjoining the Municipal Defendants from enforcing the provisions of the Ordinance that are violate due process rights of landlords;

D.     Compelling the Municipal Defendants to cease relying upon prior legal rent determinations that were incorrectly calculated and for which there is no proof of service upon the landlord;

E.      Compelling the Administrator to provide proper notice to landlords when a tenant submits a complaint to the rent leveling office and allow the landlord to respond before the Administrator makes a determination;

F.      Compelling the Administrator to cease making "legal" rent determinations where there is no proof of service of the tenant's complaint upon the landlord;

G.      Compelling the Municipal Defendants to properly notify landlords of legal rent determinations;

H.      Directing Municipal Defendants to pay temporary and/or permanent consequential damages to Plaintiff or its loss of property rights, including loss of rents, attorneys' fees incurred to defend the Action and decrease in the value of the Property as a result of loss of income; and

I.      Awarding counsel fees and costs of suit and for such further relief as the Court deems just, equitable and proper.

## SECOND COUNT

37.      Plaintiff repeats and realleges the prior allegations as if same were fully set forth herein.

38.      The inaction of the Administrator and the Board, made under color of state law, constitutes an unconstitutional deprivation of Plaintiff's property rights in contravention of 42 U.S.C. § 1983.

WHEREFORE, the Plaintiff demands judgment against Municipal Defendants as follows:

A.      Compelling the Municipal Defendants to hear Defendant's rent appeal on its merits;

B.      Declaring that the Ordinance is unconstitutional as it violates Plaintiff's due process rights;

C.      Enjoining the Municipal Defendants from enforcing the provisions of the Ordinance that are violate due process rights of landlords;

D.      Compelling the Municipal Defendants to cease relying upon prior legal rent determinations that were incorrectly calculated and for which there is no proof of service upon the landlord;

E.      Compelling the Administrator to provide proper notice to landlords when a tenant submits a complaint to the rent leveling office and allow the landlord to respond before the Administrator makes a determination;

F.      Compelling the Administrator to cease making "legal" rent determinations where there is no proof of service of the tenant's complaint upon the landlord;

G.      Compelling the Municipal Defendants to properly notify landlords of legal rent determinations;

H.      Directing Municipal Defendants to pay temporary and/or permanent consequential damages to Plaintiff or its loss of property rights, including loss of rents, attorneys' fees incurred to defend the Action and decrease in the value of the Property as a result of loss of income; and

I.      Awarding counsel fees and costs of suit and for such further relief as the Court deems just, equitable and proper.

**THIRD COUNT**

39.     Plaintiff repeats and realleges the prior allegations as if same were fully set forth herein.

40.     The Board and the Administrator have arbitrarily, capriciously, and unreasonably without basis has ignored Plaintiff's request to appeal the Determination despite the fact that

Landlord was not properly served with the tenant Complaint or the Determination thereby denying landlords due process and an opportunity to be heard.

WHEREFORE, the Plaintiff demands judgment against Municipal Defendants as follows:

A.      Compelling the Municipal Defendants to hear Defendant's rent appeal on its merits;

B.      Declaring that the Ordinance is unconstitutional as it violates Plaintiff's due process rights;

C.      Enjoining the Municipal Defendants from enforcing the provisions of the Ordinance that are violate due process rights of landlords;

D.      Compelling the Municipal Defendants to cease relying upon prior legal rent determinations that were incorrectly calculated and for which there is no proof of service upon the landlord;

E.      Compelling the Administrator to provide proper notice to landlords when a tenant submits a complaint to the rent leveling office and allow the landlord to respond before the Administrator makes a determination;

F.      Compelling the Administrator to cease making "legal" rent determinations where there is no proof of service of the tenant's complaint upon the landlord;

G.      Compelling the Municipal Defendants to properly notify landlords of legal rent determinations;

H.      Directing Municipal Defendants to pay temporary and/or permanent consequential damages to Plaintiff or its loss of property rights, including loss of rents, attorneys' fees incurred to defend the Action and decrease in the value of the Property as a result of loss of income; and

I.      Awarding counsel fees and costs of suit and for such further relief as the Court deems just, equitable and proper.

## FOURTH COUNT

41.     Plaintiff repeats and realleges the prior allegations as if same were fully set forth herein.

42.     The Ordinance on its face provides no mechanism by which Landlords must be notified of tenant complaints or of legal rent determinations thereby denying Landlord due process.

WHEREFORE, the Plaintiff demands judgment against Municipal Defendants as follows:

A.      Compelling the Municipal Defendants to hear Defendant's rent appeal on its merits;

B.      Declaring that the Ordinance is unconstitutional as it violates Plaintiff's due process rights;

C.      Enjoining the Municipal Defendants from enforcing the provisions of the Ordinance that are violate due process rights of landlords;

D.      Compelling the Municipal Defendants to cease relying upon prior legal rent determinations that were incorrectly calculated and for which there is no proof of service upon the landlord;

E.      Compelling the Administrator to provide proper notice to landlords when a tenant submits a complaint to the rent leveling office and allow the landlord to respond before the Administrator makes a determination;

F.      Compelling the Administrator to cease making "legal" rent determinations where there is no proof of service of the tenant's complaint upon the landlord;

G.      Compelling the Municipal Defendants to properly notify landlords of legal rent determinations;

H.      Directing Municipal Defendants to pay temporary and/or permanent consequential damages to Plaintiff or its loss of property rights, including loss of rents, attorneys' fees incurred to defend the Action and decrease in the value of the Property as a result of loss of income; and

I.      Awarding counsel fees and costs of suit and for such further relief as the Court deems just, equitable and proper.

## FIFTH COUNT

43.     Plaintiff repeats and realleges the prior allegations as if same were fully set forth herein.

44.     Municipal Defendants continually, arbitrarily, capriciously and unreasonably disregard the Ordinance when determining current base rents, notifying landlords of tenant complaints, investigating tenant complaints and when notifying landlords of rent determinations all to the determinant of landlords who are affected by that Ordinance; therefore, Plaintiff seeks a declaratory judgment pursuant to N.J.S.A. 2A: 16-53 et sq.

WHEREFORE, the Plaintiff demands judgment against Municipal Defendants as follows:

A.      Compelling the Municipal Defendants to hear Defendant's rent appeal on its merits;

B.      Declaring that the Ordinance is unconstitutional as it violates Plaintiff's due process rights;

C.      Enjoining the Municipal Defendants from enforcing the provisions of the Ordinance that are violate due process rights of landlords;

D. Compelling the Municipal Defendants to cease relying upon prior legal rent determinations that were incorrectly calculated and for which there is no proof of service upon the landlord;

E. Compelling the Administrator to provide proper notice to landlords when a tenant submits a complaint to the rent leveling office and allow the landlord to respond before the Administrator makes a determination;

F. Compelling the Administrator to cease making "legal" rent determinations where there is no proof of service of the tenant's complaint upon the landlord;

G. Compelling the Municipal Defendants to properly notify landlords of legal rent determinations;

H. Directing Municipal Defendants to pay temporary and/or permanent consequential damages to Plaintiff or its loss of property rights, including loss of rents, attorneys' fees incurred to defend the Action and decrease in the value of the Property as a result of loss of income; and

I. Awarding counsel fees and costs of suit and for such further relief as the Court deems just, equitable and proper.

## SIXTH COUNT

45. Plaintiff repeats and realleges the prior allegations as if same were fully set forth herein.

46. The Board arbitrarily, capriciously, and unreasonably without basis has refused to hear the within matter despite the fact that Landlord was not properly served with the tenant Complaint or the Determination. By arbitrarily capriciously and unreasonably delaying and refusing to hear Plaintiff's appeal Defendant has effected an unlawful taking.

WHEREFORE, the Plaintiff demands judgment against Municipal Defendants as follows:

A.      Compelling the Municipal Defendants to hear Defendant's rent appeal on its merits;

B.      Declaring that the Ordinance is unconstitutional as it violates Plaintiff's due process rights;

C.      Enjoining the Municipal Defendants from enforcing the provisions of the Ordinance that are violate due process rights of landlords;

D.      Compelling the Municipal Defendants to cease relying upon prior legal rent determinations that were incorrectly calculated and for which there is no proof of service upon the landlord;

E.      Compelling the Administrator to provide proper notice to landlords when a tenant submits a complaint to the rent leveling office and allow the landlord to respond before the Administrator makes a determination;

F.      Compelling the Administrator to cease making "legal" rent determinations where there is no proof of service of the tenant's complaint upon the landlord;

G.      Compelling the Municipal Defendants to properly notify landlords of legal rent determinations;

H.      Directing Municipal Defendants to pay temporary and/or permanent consequential damages to Plaintiff or its loss of property rights, including loss of rents, attorneys' fees incurred to defend the Action and decrease in the value of the Property as a result of loss of income; and

I.      Awarding counsel fees and costs of suit and for such further relief as the Court deems just, equitable and proper.

## SEVENTH COUNT

47.     Plaintiff repeats and realleges the prior allegations as if same were fully set forth herein.

48.     Defendant's arbitrary and unreasonable delay and refusal to hear Plaintiff's rent appeal despite not having provided notice to Plaintiff of the tenants' complaint or of the Determination interferes with Plaintiffs respective use and property rights to a level of a taking requiring condemnation proceedings pursuant to the laws of the State of New Jersey and the Federal Constitution.

WHEREFORE, the Plaintiff demands judgment against Municipal Defendants as follows:

A.     Compelling the Municipal Defendants to hear Defendant's rent appeal on its merits;

B.     Declaring that the Ordinance is unconstitutional as it violates Plaintiff's due process rights;

C.     Enjoining the Municipal Defendants from enforcing the provisions of the Ordinance that are violate due process rights of landlords;

D.     Compelling the Municipal Defendants to cease relying upon prior legal rent determinations that were incorrectly calculated and for which there is no proof of service upon the landlord;

E.     Compelling the Administrator to provide proper notice to landlords when a tenant submits a complaint to the rent leveling office and allow the landlord to respond before the Administrator makes a determination;

F.     Compelling the Administrator to cease making "legal" rent determinations where there is no proof of service of the tenant's complaint upon the landlord;

G.      Compelling the Municipal Defendants to properly notify landlords of legal rent determinations;

H.      Directing Municipal Defendants to pay temporary and/or permanent consequential damages to Plaintiff or its loss of property rights, including loss of rents, attorneys' fees incurred to defend the Action and decrease in the value of the Property as a result of loss of income; and

I.      Awarding counsel fees and costs of suit and for such further relief as the Court deems just, equitable and proper.

## EIGHTH COUNT

49.      Plaintiff's loss of property value and rents is directly attributable to Defendants actions or lack of action.

50.      Defendant's actions have taken Plaintiff's property without payment of fair compensation or without just compensation in violation of the Fifth Amendment of the U.S. Constitution and in violation of the New Jersey Constitution.

WHEREFORE, the Plaintiff demands judgment against Municipal Defendants as follows:

A.      Compelling the Municipal Defendants to hear Defendant's rent appeal on its merits;

B.      Declaring that the Ordinance is unconstitutional as it violates Plaintiff's due process rights;

C.      Enjoining the Municipal Defendants from enforcing the provisions of the Ordinance that are violate due process rights of landlords;

D.      Compelling the Municipal Defendants to cease relying upon prior legal rent determinations that were incorrectly calculated and for which there is no proof of service upon the landlord;

E.      Compelling the Administrator to provide proper notice to landlords when a tenant submits a complaint to the rent leveling office and allow the landlord to respond before the Administrator makes a determination;

F.      Compelling the Administrator to cease making "legal" rent determinations where there is no proof of service of the tenant's complaint upon the landlord;

G.      Compelling the Municipal Defendants to properly notify landlords of legal rent determinations;

H.      Directing Municipal Defendants to pay temporary and/or permanent consequential damages to Plaintiff or its loss of property rights, including loss of rents, attorneys' fees incurred to defend the Action and decrease in the value of the Property as a result of loss of income; and

I.      Awarding counsel fees and costs of suit and for such further relief as the Court deems just, equitable and proper.

**NINTH COUNT**

51.     Plaintiff repeats and realleges the prior allegations as if same were fully set forth herein.

52.     The Ordinance does not require notice to landlords when tenants file complaints alleging a rent overcharge nor does the Ordinance allow a landlord to answer and respond to a complaint made by a tenant prior to the Administrator making a determination, thereby denying landlords due process.

WHEREFORE, the Plaintiff demands judgment against Municipal Defendants as follows:

A.      Compelling the Municipal Defendants to hear Defendant's rent appeal on its merits;

B.      Declaring that the Ordinance is unconstitutional as it violates Plaintiff's due process rights;

C.      Enjoining the Municipal Defendants from enforcing the provisions of the Ordinance that are violate due process rights of landlords;

D.      Compelling the Municipal Defendants to cease relying upon prior legal rent determinations that were incorrectly calculated and for which there is no proof of service upon the landlord;

E.      Compelling the Administrator to provide proper notice to landlords when a tenant submits a complaint to the rent leveling office and allow the landlord to respond before the Administrator makes a determination;

F.      Compelling the Administrator to cease making "legal" rent determinations where there is no proof of service of the tenant's complaint upon the landlord;

G.      Compelling the Municipal Defendants to properly notify landlords of legal rent determinations;

H.      Directing Municipal Defendants to pay temporary and/or permanent consequential damages to Plaintiff or its loss of property rights, including loss of rents, attorneys' fees incurred to defend the Action and decrease in the value of the Property as a result of loss of income; and

I.      Awarding counsel fees and costs of suit and for such further relief as the Court deems just, equitable and proper.

## **TENTH COUNT**

53.     Plaintiff repeats and realleges the prior allegations as if same were fully set forth herein.

54.     Plaintiff and Defendant Ms. Wells entered into a written Lease Agreement ("Lease') which required Defendant Ms. Wells to pay $1,300.00 per month beginning in 2018.

55.     Payment has been demanded of the Defendant Ms. Wells for all sums due and owing pursuant to the parties' Lease Agreement.  Defendant Ms. Wells has failed and has refused to pay the all sums due and owing to the Plaintiff pursuant to the Lease Agreement.

56.     Pursuant to the Lease Agreement Defendant Ms. Wells is required to pay attorneys' fees and costs associated with her breach of the Lease Agreement including failure to pay rent.

**WHEREFORE,** Plaintiff demands judgment against the Defendant Ms. Wells as follows:

A.     For damages, interest, counsel fees, costs of suit and for such other relief as the Court deems just, equitable and proper;

B.     Requiring Defendant Ms. Wells to deposit the difference between the rent determination and the amount sought by Plaintiff into court pending the outcome of this litigation.

## ELEVENTH COUNT

57.     Plaintiff repeats and realleges the prior allegations as if same were fully set forth herein.

58.     The Defendant Ms. Wells has been unjustly enriched to the Plaintiff's detriment in occupying and possessing the Premises but not paying for the use and occupancy.

**WHEREFORE,** Plaintiff demands judgment against the Defendant Ms. Wells as follows:

A.     For damages, interest, counsel fees, costs of suit and for such other relief as the Court deems just, equitable and proper;

B.     Requiring Defendant Ms. Wells to deposit the difference between the rent determination and the amount sought by Plaintiff into court pending the outcome of this litigation.

## TWELTH COUNT

59.     Plaintiff repeats and realleges the prior allegations as if same were fully set forth herein.

60.     The Defendant Ms. Wells owes the Plaintiff sums due and owing on an account stated between the parties.  Payment has been demanded from the Defendant Ms. Wells who has failed and refused to pay all sums due and owing to the Plaintiff.

**WHEREFORE,** Plaintiff demands judgment against the Defendant Ms. Wells as follows:

A.     For damages, interest, counsel fees, costs of suit and for such other relief as the Court deems just, equitable and proper;

B.     Requiring Defendant Ms. Wells to deposit the difference between the rent determination and the amount sought by Plaintiff into court pending the outcome of this litigation.

## THIRTEENTH COUNT

61.     Plaintiff repeats and realleges the prior allegations as if same were fully set forth herein.

62.     The Defendant Ms. Wells owes the Plaintiff sums due and owing on a book account.  The Defendant Ms. Wells has failed and refused to pay all sums due and owing to the Plaintiff.

**WHEREFORE,** Plaintiff demands judgment against the Defendant Ms. Wells as follows:

A.     For damages, interest, counsel fees, costs of suit and for such other relief as the Court deems just, equitable and proper;

B.     Requiring Defendant Ms. Wells to deposit the difference between the rent determination and the amount sought by Plaintiff into court pending the outcome of this litigation.

FEINSTEIN RAISS KELIN BOOKER
& GOLDSTEIN LLC
Attorneys Plaintiff, 721 22ND STREET UC, LLC

By: _____
Adrienne LePore

Dated:  12/28/2021

## DESIGNATION OF TRIAL COUNSEL

Pursuant to <u>R.</u> 4:5-1(c), Adrienne LePore, Esquire is designated as trial counsel for the law office of Feinstein Raiss Kelin Booker & Goldstein LLC.

## CERTIFICATION PURSUANT TO RULE 4:5-1

I, Adrienne LePore, do hereby certify as follows:

1.      The matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and no such other action or arbitration proceeding is contemplated, **except for a matter pending in the Superior Court of New Jersey, Law Division Special Civil Part, <u>Katherine Wells v. 721 22ND Street UCC, LLC and Marc Fried</u> bearing Docket No. HUD-DC-006342-21**.

2.      We are not aware of any other parties to be joined in this action.

3.      The foregoing statements made by me are true.  I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

FEINSTEIN RAISS KELIN BOOKER
& GOLDSTEIN LLC
Attorneys Plaintiff, 721 22ND STREET UC, LLC

By: _____
Adrienne LePore

Dated:  12/28/2021

**CERTIFICATION PURSUANT TO RULE 4:69-4**

I certify that there are no transcripts of local agency proceedings in the cause to be ordered.

FEINSTEIN RAISS KELIN BOOKER
& GOLDSTEIN LLC
Attorneys Plaintiff, 721 22ND STREET UC, LLC

By:_____
Adrienne LePore

Dated: 12/28/2021

**CERTIFICATION PURSUANT TO RULE 1:38-7(c)**

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

FEINSTEIN RAISS KELIN BOOKER
& GOLDSTEIN LLC
Attorneys Plaintiff, 721 22ND STREET UC, LLC

By:_____
Adrienne LePore

Dated:  12/28/2021